**No. 19-3142**

In the
**United States Court of Appeals
for the Third Circuit**

**ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC.; BLAKE ELLMAN; ALEXANDER DEMBOWSKI,**

*Plaintiffs-Appellants*,

v.

**ATTORNEY GENERAL NEW JERSEY; SUPERINTENDENT NEW JERSEY STATE POLICE; THOMAS WILLIVER, in his official capacity as Chief of Police of the Chester Police Department; JAMES B. O'CONNOR, in his official capacity as Chief of Police of the Lyndhurst Police Department,**

*Defendants-Appellees.*

On Appeal from the United States District Court
for the District of New Jersey
Case No. 3:18-cv-10507
The Honorable Peter G. Sheridan

**REPLY BRIEF OF APPELLANTS**

Daniel L. Schmutter
HARTMAN & WINNICKI, P.C.
74 Passaic Street
Ridgewood, N.J. 07450
Telephone: (201) 967-8040
dschmutter@hartmanwinnicki.com

John Parker Sweeney
James W. Porter, III
Marc A. Nardone
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Telephone: (202) 719-8216
jsweeney@bradley.com

*Counsel for Plaintiffs-Appellants*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ......................................................................... iii

ARGUMENT ...........................................................................................1

    I.     This Court has already rejected Defendants' argument that the prior merits panel's decision is binding on a panel of this Court. .....................2

    II.    Defendants do not dispute that New Jersey's magazine ban violates the Second, Fifth, and Fourteenth Amendments in this appeal. .....................7

CONCLUSION .......................................................................................11

CERTIFICATE OF COMPLIANCE ........................................................13

CERTIFICATE OF SERVICE ................................................................14

CERTIFICATE OF VIRUS SCAN .........................................................15

CERTIFICATE OF BAR MEMBERSHIP, PRIVACY REDACTIONS, AND IDENTICAL ELECTRONIC AND HARD COPY VERSIONS .................16

# TABLE OF AUTHORITIES

## Cases

*ACLU v. Mukasey*,
 534 F.3d 181 (3d Cir. 2008) ..................................................2, 6

*Ass'n of New Jersey Rifle & Pistol Clubs, Inc. v. Attorney Gen. New Jersey*,
 910 F.3d 106 (3d Cir. 2018) ............................................... 5, 6, 7

*Beazer E., Inc. v. Mead Corp.*,
 412 F.3d 429 (3d Cir. 2005) ............................................................8

*Caetano v. Massachusetts*,
 136 S. Ct. 1027 (2016)...................................................................9

*Council Tree Commc'ns, Inc. v. F.C.C.*,
 503 F.3d 284 (3d Cir. 2007) ..........................................................3

*District of Columbia v. Heller*,
 554 U.S. 570 (2008)..................................................................6, 9

*Foehl v. United States*,
 238 F.3d 474 (3d Cir. 2001) .......................................................5, 7

*Frazell v. Flanigan*,
 102 F.3d 877 (7th Cir. 1996) .........................................................4

*Harris v. Supervalu Holdings-PA LLC*,
 262 F. App'x 470 (3d Cir. 2008)..................................................10

*In re City of Philadelphia Litig.*,
 158 F.3d 711 (3d Cir. 1998) .......................................................2, 6

*LaShawn A. v. Barry*,
 87 F.3d 1389 (D.C. Cir. 1996)........................................................4

*Lorillard Tobacco Co. v. Reilly*,
 533 U.S. 525 (2001)........................................................................9

*McCullen v. Coakley*,
 573 U.S. 464 (2014)......................................................................10

*McDonald v. City of Chicago*,
    561 U.S. 742 (2010)........................................................................9

*McNair v. Coffey*,
    279 F.3d 463 (7th Cir. 2002) ........................................................4

*Nat'l State Bank v. Fed. Reserve Bank of New York*,
    979 F.2d 1579 (3d Cir. 1992) .....................................................10

*New Jersey Citizen Action v. Edison Twp.*,
    797 F.2d 1250 (3d Cir. 1986) ......................................................7

*Taylor v. F.D.I.C.*,
    132 F.3d 753 (D.C. Cir. 1997).....................................................4

*United States v. Houser*,
    804 F.2d 565 (9th Cir.1986) .........................................................3

*United States v. Spiegel*,
    995 F.2d 138 (9th Cir. 1993) ....................................................3, 4

*United States v. Thibodeaux*,
    19 F. App'x 409 (7th Cir. 2001) ..................................................4

## Other Authorities

David B. Kopel, *The History of Firearm Magazines and Magazine Prohibitions*,
    78 Alb. L. Rev. 849 (2015)...........................................................9

# ARGUMENT

Plaintiffs-Appellants ("Plaintiffs") established in their opening brief that New Jersey's magazine ban unconstitutionally infringes upon New Jerseyans' Second, Fifth, and Fourteenth Amendment rights. Defendants-Appellees ("Defendants") do not dispute this. Rather, they rehash, nearly verbatim, the arguments made in their failed motion for summary action: that the prior merits panel's holding binds this Court. This Court's motions panel has reviewed and rejected those arguments. This Court does not lightly overturn motions panel rulings, and it should not do so here because the motions panel's ruling is correct. This appeal arises in a different procedural posture, and the prior merits panel's decision was clear error and works a manifest injustice on New Jerseyans who wish to exercise their fundamental right to keep and bear arms protected by the Second Amendment.

Because the undisputed facts establish that New Jersey's magazine ban violates each of the Second, Fifth, and Fourteenth Amendments, this Court should enter judgment for Plaintiffs. In the alternative, this Court should stay this appeal pending the Supreme Court's decision in *New York State Pistol & Rifle Association v. City of New York* ("NYSRPA") because NYSRPA is likely to affect—and may even resolve—this Court's analysis of this case.

## I. This Court has already rejected Defendants' argument that the prior merits panel's decision is binding on a panel of this Court.

In their motion for summary action, Defendants moved this Court to dismiss Plaintiffs' appeal, arguing that the prior merits panel's decision is dispositive here because it decided the merits of Plaintiffs' claims. *See* Dkt. 003113382422 (motion for summary action) & 003113406420 (reply in support of motion for summary action). Defendants' motion was fully briefed. *See id*. & Dkt. 003113401833 (Plaintiffs' Opposition). The motions panel reviewed the parties' briefing and denied Defendants' motion for summary action, even though it could have referred the motion to this merits panel if Defendants' arguments merited additional briefing or oral argument, or the motion was for any other reason inappropriate for decision at that time. *See* Dkt. 003113385837; Dkt. 003113408052.

By denying Defendants' motion for summary action, the motions panel necessarily rejected Defendants' argument that the prior merits panel's denial of a preliminary injunction binds the outcome of this appeal. Instead, the motions panel determined that this appeal presents substantial questions requiring merits briefing and argument before this panel. The substantial questions raised in this appeal require analysis independent of the prior merits panel's ruling—that ruling is not binding because this appeal arises in a different procedural posture than the prior appeal and the prior merits panel's decision was clear error and works a manifest injustice. *See ACLU v. Mukasey*, 534 F.3d 181, 192 (3d Cir. 2008); *In re City of*

*Philadelphia Litig.*, 158 F.3d 711, 720 (3d Cir. 1998); *see also* Br. at 13-16; Dkt. 003113401833, at 3-8.

Defendants restate the same arguments, nearly verbatim, in their Opposition to Plaintiffs' opening brief. Defendants repeat their arguments that "this Court has already resolved all of Appellants 'Second Amendment, Takings Clause, and Equal Protection Clause challenges;" that the procedural differences are "of no moment;" and that the prior merits panel's decision was not a "clear or a manifest injustice." *Compare* Opposition, at 11, 12, *with* Dkts. 003113382422, at 2-16 (same) & 003113406420 , at 1-3 (same). Defendants' Opposition fails here for the same reasons their motion for summary action was denied.

As an initial matter, this Court should defer to the motions panel's informed and considered ruling. While this Court "ha[s] discretion to reconsider that ruling . . . [and] discretion not to," *United States v. Spiegel*, 995 F.2d 138, 140 (9th Cir. 1993), this Court "does not lightly overturn a decision made by a motions panel during the course of the same appeal," *Council Tree Commc'ns, Inc. v. F.C.C.*, 503 F.3d 284, 292 (3d Cir. 2007) (holding that a merits panel may revisit a motions panel's assumption of subject matter jurisdiction) (quoting *United States v. Houser*, 804 F.2d 565, 568 (9th Cir.1986)). This policy of deference is strong where, like here, the argument raised before the motions panel was fully briefed, does not regard the appellate court's jurisdiction, is identical to the one raised before the merits

panel, and the motions panel made a definitive ruling. *See, e.g.*, *Spiegel*, 995 F.2d at 140 (merits panel chose not to revisit motions panel's "considered" ruling on "same argument"); *Frazell v. Flanigan*, 102 F.3d 877, 879 n. 1 (7th Cir. 1996) (arguments are identical, briefed, and rejected by motions panel), *overruled on other grounds by McNair v. Coffey*, 279 F.3d 463 (7th Cir. 2002); *United States v. Thibodeaux*, 19 F. App'x 409, 410 (7th Cir. 2001) (same).

The United States Court of Appeals for the District of Columbia Circuit has opined on the precise situation presented here. In *Taylor v. F.D.I.C.*, 132 F.3d 753 (D.C. Cir. 1997), the motions panel denied a motion for summary affirmance. *Id.* at 761. The appellee then relitigated the rejected argument before the merits panel. The District of Columbia Circuit ruled that, in this circumstance, the motion panel's "decision is law of the case, preclusive for all matters decided expressly or by necessary implication. The panel's decision is binding. . . ." *Id.* (citing *LaShawn A. v. Barry*, 87 F.3d 1389, 1394 (D.C. Cir. 1996) (en banc)). The *Taylor* Court went on to analyze the merits of appellee's appeal. *Id.* This Court should do the same.

Regardless, this Court should not overturn the motions panel's ruling because it is correct for two independent and indisputable reasons. First, Defendants cannot dispute that this appeal (an appeal of a summary judgment ruling for Defendants) arises in a different procedural posture than the prior appeal (an appeal of a denial of a preliminary injunction). The change in procedural posture is critical because it

4

dictates the manner in which this Court reviews the issues in its *de novo* review. Whereas the prior merits panel was required by the preliminary injunction legal standard to draw all factual inferences in Defendants' favor and review the district court's decision for abuse of discretion, *Ass'n of N.J. Rifle and Pistol Clubs, Inc. v. Attorney Gen. New Jersey*, 910 F.3d 106, 114 (3d Cir. 2018) ("The ultimate decision to grant or deny the injunction is reviewed for abuse of discretion."), this Court, reviewing a grant of summary judgment to Defendants, must now draw all factual inferences in Plaintiffs' favor and review the district court's ruling *de novo*, *Foehl v. United States*, 238 F.3d 474, 477 (3d Cir. 2001).

Defendants' attempt to obscure the importance of the procedural difference between the two appeals must fail. Defendants argue that the prior merits panel purported to place the burden on Defendants. Opposition, at 13. But Defendants cannot dispute that the prior merits panel drew its inferences in Defendants' favor with respect to both the government's purported interests and the purported utility of the banned magazines in self-defense. *Ass'n of N.J. Rifle and Pistol Clubs, Inc.*, 910 F.3d at 119 (requiring Defendants to merely "assert[]" a public safety interest); *id*. at 120 (inferring in Defendants' favor that "the Act reduces the number of shots that can be fired from one gun, making numerous injuries less likely"); *id*. at 120 n. 27 (concluding cursorily that "the record does not show that LCMs are well-suited or safe for self-defense" by dismissing Plaintiffs' evidence as "speculative"). Both

inferences were central to the Court's decision that Defendants met their burden at the preliminary injunction stage. *Id*. at 120 ("For these reasons, the Act survives intermediate scrutiny"). On this appeal, inferences on these same issues must be drawn in Plaintiffs' favor. This Court cannot substitute its earlier decision that was necessarily deferential to Defendants for the review that is now required to be deferential to Plaintiffs. *See ACLU*, 534 F.3d at 192.

Second, Defendants also cannot dispute that the prior merits panel's decision conflicts with Supreme Court precedent and is therefore clearly erroneous. *See In re City of Philadelphia Litig*., 158 F.3d at 720. Defendants do not even attempt to square the prior merits panel's decision with *District of Columbia v. Heller*, 554 U.S. 570 (2008), or the Supreme Court's other Second Amendment precedent. Defendants mention *Heller* only once, when referring to Plaintiffs' opening brief. Defendants cannot dispute that the banned arms are commonly possessed for lawful purposes and that a ban on them is therefore unconstitutional. *See infra*, at 13. Defendants' reliance on other circuits' decisions is inappropriate here, where the conflict is with Supreme Court precedent—which Defendants do not address.

The prior merits panel's clearly erroneous analysis works a manifest injustice on New Jerseyans because it upholds Defendants' infringement upon a fundamental constitutional right. In the prior appeal, Defendants did not dispute the existence of the individual right to keep and bear arms or that the magazine ban infringes upon

it. Defendants instead argued that the magazine ban is justified under an improper and improperly-applied standard of means-end scrutiny.

This Court also should reject Defendants' argument that the prior merits panel's clearly erroneous decision is still binding simply because there has not been an intervening Supreme Court opinion. One is forthcoming in NYSRPA, which will likely clarify the scope and application of the Second Amendment. That instruction will affect—and may even resolve—the Court's analysis of this case. NYSRPA is likely to address the issue of what constitutional tests are appropriate for resolving a Second Amendment challenge. This issue is central to the resolution of this case. Should the Court not enter judgment for Plaintiffs, Plaintiffs ask this Court to stay this case until after the Supreme Court issues its opinion in NYSRPA, which it may do as early as June 2020.

## II. Defendants do not dispute that New Jersey's magazine ban violates the Second, Fifth, and Fourteenth Amendments in this appeal.

This Court considers Plaintiffs' constitutional claims *de novo*. *Foehl*, 238 F.3d at 477. Defendants concede that they have the burden to prove that New Jersey's magazine ban is constitutional. Opposition, at 16 (quoting *Ass'n of New Jersey Rifle & Pistol Clubs*, at 120 n.24 (3d Cir. 2018) ("The State bears the burden of proving that the Act is constitutional under [Second Amendment] heightened scrutiny.")); *New Jersey Citizen Action v. Edison Twp.*, 797 F.2d 1250, 1255 (3d Cir. 1986) ("Ordinarily, when a statute or other government action is alleged to infringe on the

exercise of First Amendment rights, the state or municipality bears the burden of demonstrating the constitutionality of the action.").

But Defendants do not attempt to meet their burden. Defendants instead place all their eggs in one basket, arguing only that the prior merits panel's decision was not clear error or a manifest injustice. In response to the facts established by Plaintiffs, Defendants fail to argue, much less cite any record evidence, that New Jersey's magazine ban survives constitutional scrutiny. Defendants have failed to offer any facts in support of their position, and they have not disputed a single fact offered by Plaintiffs to support their appeal. This Court has no duty to help Defendants advance merits arguments or dispute Plaintiffs' facts, particularly not in this important, fact-intensive case in which Defendants have the burden to establish the magazine ban's constitutionality. *See Beazer E., Inc. v. Mead Corp*., 412 F.3d 429, 437 n.11 (3d Cir. 2005). *Beazer* observed that "by failing to respond to an appellant's argument in favor of reversal . . . [the State] waives, as a practical matter," arguments that are "not obvious to the court to specific points urged by [Plaintiffs]." *Id*. (internal citations omitted). Given that the Defendants have the burden of proof, they failed to articulate a single fact in support of the merits of this appeal, and they failed to refute a single fact set forth by Plaintiffs in their brief, this Court should treat the facts asserted by Plaintiffs as established.

The facts asserted by Plaintiffs are undisputed before this Court. Those undisputed facts establish that New Jersey's magazine ban violates the Second Amendment. Br., at 16-21. Defendants do not dispute that the banned magazines are typically possessed by law-abiding, responsible citizens for lawful purposes like self-defense, or that there is no longstanding history of their regulation. *See, e.g.*, JA. 486–525, 544; David B. Kopel, *The History of Firearm Magazines and Magazine Prohibitions*, 78 Alb. L. Rev. 849, 871 (2015). The magazine ban therefore fails under *Heller*, *McDonald v. City of Chicago*, 561 U.S. 742 (2010), and *Caetano v. Massachusetts*, 136 S. Ct. 1027 (2016).

Even if this Court disregards *Heller* in favor of the improper two-step framework, Defendants do not dispute that the magazine ban fails means-end scrutiny. The undisputed facts establish that the magazine ban fails strict or intermediate scrutiny for two reasons. First, the undisputed facts establish that the magazine ban fails to advance any public safety interest. Br., at 16-21. While Defendants claim that the magazine ban is "important to the protection of public safety and law enforcement safety," Opposition, at 22, Defendants fail to cite any evidence that it does so or will do so, as is required. *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525, 555 (2001) ("[T]he government [must] demonstrate that the harms it recites are real and that its restriction will in fact alleviate them to a material degree."). Defendants, the party bearing the burden of proof, do not cite to the joint

appendix even once; such arguments fail at the summary judgment stage. *See, e.g.*, *Harris v. Supervalu Holdings-PA LLC*, 262 F. App'x 470, 472 (3d Cir. 2008) (per curiam) (affirming denial of summary judgment where respondent "did not point to sufficient cognizable evidence"). This Court has long been clear that the party bearing the burden of proof must present evidence that entitles them to summary judgment. *Nat'l State Bank v. Fed. Reserve Bank of New York*, 979 F.2d 1579, 1582 (3d Cir. 1992). This burden is "stringent." *Id*. Where the party fails to present such evidence, like Defendants have failed here, "the district court should deny summary judgment even if no opposing evidentiary matter is presented." *Id*.

Second, the undisputed facts establish that the magazine ban is not narrowly tailored under either strict or intermediate scrutiny. Br., at 16-21. Defendants do not even address this issue. Nor could Defendants make such an argument: the undisputed facts establish New Jersey's ban addresses far more than the criminal misuse of magazines; it reaches into the homes of law-abiding, responsible citizens who wish to protect themselves and their homes. *Id*. An absolute ban on the possession of bearable arms, like New Jersey's, is not "narrowly tailored" under either strict or intermediate scrutiny. *See McCullen v. Coakley*, 573 U.S. 464, 486 (2014).

The undisputed facts establish that New Jersey's magazine ban also violates the Fifth and Fourteenth Amendments. Br., at 24-31. Plaintiffs establish that New

Jersey's magazine ban effects a taking without compensation in violation of the Takings Clause, Br. at 24-27, and treats similar individuals dissimilarly by exempting retired law-enforcement officers and not exempting law-abiding, responsible citizens of New Jersey, including retired members of the armed forces, in violation of the Equal Protection Clause, Br. at 28-31. Defendants, in a two-sentence footnote on the last page of their Opposition, expressly choose not to respond to these arguments.

Based on the undisputed facts offered by Plaintiffs and the unrefuted arguments demonstrating that the challenged laws are unconstitutional under the Second, Fifth, and Fourteenth Amendments, this Court should enter judgment for Plaintiffs.

## CONCLUSION

For the foregoing reasons stated above and in the opening brief, Plaintiffs respectfully request that this Court reverse the judgment of the district court and declare that New Jersey's ban on ammunition magazines capable of holding more than ten rounds facially violates the Second, Fifth, and Fourteenth Amendments to the United States Constitution. Plaintiffs also request a permanent injunction preventing Defendants, their employees, and their agents from enforcing New Jersey's magazine ban and any implementing regulations. In the alternative, Plaintiffs request that this Court stay this appeal pending the Supreme Court's

anticipated decision in *New York State Pistol & Rifle Association v. City of New York*.

Dated: April 15, 2020

Respectfully submitted,

*/s/ John Parker Sweeney*
John Parker Sweeney
*Attorney for Plaintiffs-Appellants*
John Parker Sweeney
James W. Porter, III
Marc A. Nardone
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Telephone: (202) 393-7150
jsweeney@bradley.com

Daniel L. Schmutter
HARTMAN & WINNICKI, P.C.
74 Passaic Street
Ridgewood, N.J. 07450
Telephone: (201) 967-8040
dschmutter@hartmanwinnicki.com

# CERTIFICATE OF COMPLIANCE

1.      This brief complies with the type-volume limitation of Fed. R. App. P.

32(a)(7)(B) because it contains 2,671 words.

2.      This brief complies with the typeface requirements of Fed. R. App. P.

32 (a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has

been prepared in a proportionally spaced typeface using Microsoft Word in Times

New Roman 14-point font.

Dated: April 15, 2020                        Respectfully submitted,

                                             */s/ John Parker Sweeney*
                                             John Parker Sweeney
                                             *Attorney for Plaintiffs-Appellants*

# CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2020, I filed the foregoing with the Clerk of

the Court via CM/ECF, which will serve the following counsel of record:

Jeremy Feigenbaum
Stuart M. Feinblatt
Office of Attorney General of New Jersey
25 Market Street
Richard J. Hughes Justice Complex
Trenton, NJ 08625
jeremy.feigenbaum@law.njoag.gov
stuart.feinblatt@law.njoag.gov

Bryan E. Lucas
Evan A. Showell
Office of Attorney General of Jew Jersey
124 Halsey Street
P.O. Box 45029
Newark, NJ 07102
bryan.lucas@law.njoag.gov
evan.showell@law.njoag.gov

George C. Jones
John H. Suminski
McElroy Deutsch Mulvaney
    & Carpenter
1300 Mount Kimble Ave.
P.O. Box 2075
Morristown, NJ 07962
gjones@mdmc-law.com
jsuminski@mdmc-law.com

Carmine Richard Alampi
Jennifer Alampi
Alampi & Demarrais
One University Plaza
Suite 404
Hackensack, NJ 07601
calampi@alampi-law.com
jalampi@alampi-law.com

Respectfully submitted,

*/s/ John Parker Sweeney*
John Parker Sweeney
*Attorney for Plaintiffs-Appellants*

## CERTIFICATE OF VIRUS SCAN

I certify that the Portable Document Format version of the attached document has been scanned for viruses using Malware software Trend Micro Apex One real-time scanner, and according to that program, the document is free of viruses.

Dated: April 15, 2020                    Respectfully submitted,

                                         */s/ John Parker Sweeney*
                                         John Parker Sweeney
                                         *Attorney for Plaintiffs-Appellants*

**CERTIFICATE OF BAR MEMBERSHIP, PRIVACY REDACTIONS, AND IDENTICAL ELECTRONIC AND HARD COPY VERSIONS**

I hereby certify that the signatory to this brief, John Parker Sweeney, is a member of the bar of this Court. I further certify that no privacy redactions were necessary for this filing. Finally, I certify that the text of the electronic brief is identical to the text in the paper copies.

Dated: April 15, 2020                    Respectfully submitted,

                                         */s/ John Parker Sweeney*
                                         John Parker Sweeney
                                         *Attorney for Plaintiffs-Appellants*