

## State of New Jersey

PHILIP D. MURPHY
*Governor*

SHEILA Y. OLIVER
*Lt. Governor*

OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW AND PUBLIC SAFETY
DIVISION OF LAW
124 Halsey Street
P.O. Box 45029
Newark, NJ 07101

GURBIR S. GREWAL
*Attorney General*

MICHELLE L. MILLER
*Director*

**<u>Via CM/ECF eFile</u>**
Patricia S. Dodszuweit
Clerk of the Court
United States Court of Appeals for the Third Circuit
21400 U.S. Courthouse
601 Market Street
Philadelphia, PA 19106

Re:    Ass'n of New Jersey Rifle & Pistol Clubs, et al. v. Gurbir S. Grewal, et al.
       Case No. 19-3142
       **Motion for Summary Action & Stay of Briefing Schedule**

Dear Ms. Dodszuweit:

Please accept this letter on behalf of Attorney General Gurbir S. Grewal and Superintendent Patrick J. Callahan ("Appellees") as Appellees' motion for summary action to affirm the District Court's order granting summary judgment. Appellees' motion should be granted because the appeal of that decision presents no substantial question. *See* Third Circuit Local Rule 27.4. Appellees also request a 30-day stay in the briefing schedule pending the Court's ruling on this motion.

Third Circuit precedent (like the precedent of every circuit) confirms that if a prior panel of this Court has issued a precedential decision resolving the merits of a dispute, that ruling binds a subsequent panel facing those same issues. *See Pitt News v. Pappert*, 379 F.3d 96, 105 (3d Cir. 2004) (holding that this rule can apply even in the preliminary injunction context: if the preliminary injunction "panel does not stop at the question of likelihood of success and instead addressed the merits, the later panel … should regard itself as bound by the prior panel opinion."). That is precisely what happened here. In this case, the Third Circuit has squarely rejected Appellants'



124 HALSEY STREET• TELEPHONE: 973-648-7811• FAX: 973-648-7782
*New Jersey Is An Equal Opportunity Employer • Printed on Recycled Paper and Recyclable*

Second Amendment, Takings Clause, and Equal Protection Clause challenges on the merits and upheld the state law at issue. Having reached the merits, the Third Circuit thus "resolve[d] all legal issues in this case and there remains no genuine disputes of material fact." Ex. A at 5. (district court decision granting summary judgment). Accordingly, there is no substantial question raised in this appeal.

<u>Factual Background</u>

On June 13, 2018, the Governor of New Jersey signed Assembly Bill 2761 ("A2761") into law, in an effort to prevent the spread and lethality of mass shootings. A2761 limits the number of rounds of ammunition a single magazine can lawfully hold, reducing the permissible capacity from 15 to 10. *N.J. Stat. Ann.* § 2C:39-1(y). State law thus defines an unlawful "large capacity magazine" as "a box, drum, tube or other container which is capable of holding more than 10 rounds of ammunition to be fed continuously and directly therefrom into a semi-automatic firearm." *N.J. Stat. Ann.* § 2C:58-1y. Although the law restricts the capacity of a single magazine, it imposes no limitation on the number of firearms or magazines or the amount of ammunition that a person can lawfully purchase or own.

Owners of prohibited magazines were given 180 days to comply with the new law. *N.J. Stat. Ann.* § 2C:39-19. Owners could come into compliance in several ways: "[t]ransfer the semi-automatic rifle or magazine to any person or firm lawfully entitled to own or possess that firearm or magazine; [r]ender the semi-automatic rifle or magazine inoperable or permanently modify a large capacity magazine to accept 10 rounds or less; or [v]oluntarily surrender the semi-automatic rifle or magazine." *Id.* A2761 also creates exemptions for firearms "with a fixed magazine capacity [of up to] 15 rounds which is incapable of being modified to accommodate 10 rounds or less" and ones "which only accept[] a detachable magazine with a capacity of up to 15 rounds which is incapable of being modified to accommodate 10 or less rounds." Owners of those weapons simply had to register them within one year. *N.J. Stat. Ann.* § 2C:39-20.

A2761 also contains an exemption allowing certain retired law enforcement officers to carry an LCM "capable of holding up to 15 rounds of ammunition." *N.J. Stat. Ann.* § 2C:39-17. This statutory exemption applies only to retired law enforcement officers authorized under federal and state law to possess and carry a handgun. *Id.* To qualify, that retired law enforcement officer must "semi-annually qualif[y] in the use of the handgun he is permitted to carry in accordance with the requirements and procedures established by the Attorney General." *N.J. Stat. Ann.* § 2C:39-6(l).

2

On the same day A2761 was signed into law, Appellants filed the instant suit, alleging that A2761 violates the Second Amendment, the Takings Clause, and the Equal Protection Clause. Eight days later, Appellants filed a motion to preliminarily enjoin enforcement of the law. On September 28, 2018, after a comprehensive fact-finding hearing, the District Court denied the motion. *Ass'n of N.J. Rifle & Pistol Clubs v. Grewal* ("*NJRPC I*"), 2018 WL 4688345, *16 (D.N.J. Sept. 28, 2018). The District Court rejected Appellants' claims that A2761 violated the Second, Fifth, and Fourteenth Amendments. *See id.* at *8-16.

Appellants appealed. On December 5, 2018, this Court issued an opinion affirming the District Court's decision in all respects. *See Ass'n of N.J. Rifle & Pistol Clubs v. Grewal* ("*NJRPC II*"), 910 F.3d 106 (3d Cir. 2018). This Court held that A2761 is constitutional. *Id.* at 110. Although this was at the preliminary injunction stage, the Court made clear that it was resolving all the legal challenges on the merits and upholding the law. As the panel summarized:

> Today we address whether one of New Jersey's responses to the rise in active and mass shooting incidents in the United States—a law that limits the amount of ammunition that may be held in a single firearm magazine to no more than ten rounds—violates the Second Amendment, the Fifth Amendment's Takings Clause, and the Fourteenth Amendment's Equal Protection Clause. We conclude that it does not. New Jersey's law reasonably fits the State's interest in public safety and does not unconstitutionally burden the Second Amendment's right to self-defense in the home. The law also does not violate the Fifth Amendment's Takings Clause because it does not require gun owners to surrender their magazines but instead allows them to retain modified magazines or register firearms that have magazines that cannot be modified. Finally, because retired law enforcement officers have training and experience that makes them different from ordinary citizens, the law's exemption that permits them to possess magazines that can hold more than ten rounds does not violate the Fourteenth Amendment's Equal Protection Clause. We will therefore affirm the District Court's order denying Plaintiffs' motion to preliminarily enjoin enforcement of the law.

*Id.*

The remainder of the panel's opinion was similarly categorical. With respect to the Second Amendment claim, the panel wrote: "the Act survives intermediate scrutiny, and like our sister circuits, we hold that laws restricting magazine capacity to ten rounds of ammunition do not violate the Second Amendment." *Id.* at 119. In reaching this holding, this Court found that "New Jersey's LCM ban reasonably fits the State's interest in promoting public safety" because "LCMs are used in mass shootings" and, when used in such incidents, "allow for more shots to be fired from a single weapon and thus more casualties to occur." *Id.* The Court added that A2761 does not burden more conduct than necessary because the statute "imposes no limit on the number of firearms or magazines or amount of ammunition a person may lawfully possess." *Id.* at 122.

This Court also rejected Appellants' takings claim. *Id.* at 124-25. Specifically, the Court held that A2761's restrictions on the lawful capacity of a magazine did not "result in either an actual or regulatory taking." *Id.* As the panel explained, A2761 permits owners of now-prohibited LCMs "the option to transfer or sell their LCMs … modify their LCMs … or register those LCMs that cannot be modified." *Id.* at 124. The panel continued, the statute "does not deprive the gun owners of all economically beneficial or productive uses of their magazines." *Id.*

Finally, this Court held that A2761 does not violate equal protection doctrine. *Id.* at 125-26. Although A2761 maintains different rules for retired law enforcement officers than for the general public, the Court recognized that these two groups were not similarly situated when it came to firearm safety. *See id.* at 125 ("Police officers in New Jersey must participate in firearms and defensive tactics training, including mandatory range and classroom training…."). Such officers are different even from the military in terms of their training, because they have experience using weapons in "noncombat zones where the Constitution and other rules apply." *Id.* at 126.

Appellants' request for rehearing *en banc* was denied. Appellees then filed a motion for summary judgment before the District Court on the basis that the Third Circuit's preliminary injunction opinion had resolved all the issues in the case. The district court agreed and granted summary judgment. *See* Ex. A at 5. This appeal followed.

<u>Legal Argument</u>

*The Panel Decision In* NJRPC II *Is Binding and There Are No Issues of Law or Fact For This Court To Consider*

This Court should grant this motion for summary action. Summary action is appropriate when an appeal presents no substantial questions, *see, e.g.,* Third Circuit Local Rule 27.4; *Bolick v. Northeast Indus. Servs. Corp.*, 666 Fed. App'x 101, 103 (3d Cir. 2016), including when all of the legal and factual issues on appeal have been disposed of by a prior decision of this Court.

That is precisely what happened here. The Third Circuit has already resolved all of Appellants' Second Amendment, Takings Clause, and Equal Protection Clause challenges to New Jersey's LCM law. *Compare* ECF 1 ¶51 (arguing that the LCM law "is invalid under the Second Amendment, regardless of the applicable level of scrutiny."), *with NJRPC II*, 910 F.3d at 122 ("the Act survives intermediate scrutiny, and like our sister circuits, we hold that laws restricting magazine capacity to ten rounds of ammunition do not violate the Second Amendment"); ECF 1 ¶¶59-60 ("A2761 violates Plaintiffs' rights under the Fifth and Fourteenth Amendments by taking their property without putting it to a public use and without providing just compensation."), *with NJRPC II*, 910 F.3d at 124 ("Plaintiffs' Fifth Amendment claim also fails [because] the compliance measures in the Act do not result in either an actual or regulatory taking"); and ECF 1 ¶68 (arguing "A2761 draws a distinction that fails any applicable level of scrutiny" and thus "violates the Equal Protection Clause of the Fourteenth Amendment"), *with NJRPC II*, 910 F.3d at 126 ("retired law enforcement officers are not similarly situated to retired military personnel and ordinary citizens, and therefore their exemption from the LCM ban does not violate the Equal Protection Clause").

There is nothing more to adjudicate. To be sure, this Court's decision arose at the preliminary injunction stage. But that is of no moment. While decisions granting or denying a motion for preliminary injunction do not automatically bind subsequent merits dispositions, *see, e.g.*, *Doeblers Pa. Hybrids, Inc. v. Doebler*, 442 F. 3d 812, 820 (3d Cir. 2006), they do serve as binding precedent when the Third Circuit "does not stop at the question of likelihood of success and instead addresses the merits." *Pitt News*, 379 F.3d at 106 (3d Cir. 2004) (Alito, J.); *see also Minard Run Oil Co. v. U.S. Forest Service*, 549 F. App'x 93, 96-97 (3d Cir. 2013) ("Any conclusions as to the merits of [the] claims reached by the [preliminary injunction] panel are binding upon this Court since the panel made a precedential ruling."); *Cavel Intern., Inc. v. Madigan*, 500 F.3d 551, 559 (7th Cir. 2007) (affirming the denial of a preliminary

injunction and dismissing case because "the merits of [plaintiff's] challenge ... have been fully briefed and argued and there are no unresolved factual issues").[1] In other words, a ruling at the preliminary injunction stage does bind future decisions where (as here) the panel resolves a law's constitutionality. *See NJRPC II*, 910 F.3d at 110 ("Today we address whether one of New Jersey's responses to the rise in active and mass shooting incidents in the United States—a law that limits the amount of ammunition that may be held in a single firearm magazine to no more than ten rounds—violates the Second Amendment, the Fifth Amendment's Takings Clause, and the Fourteenth Amendment's Equal Protection Clause. We conclude that it does not."). The *NJRPC II* decision thus resolves this case, and there is nothing more for a subsequent panel of this Court to do.[2]

---

[1] As this Court has made clear, there is nothing wrong with a preliminary injunction panel disposing of the merits. *See, e.g., Pitt News*, 379 F.3d at 105 ("If a preliminary injunction appeal presents a question of law 'and the facts are established or of no controlling relevance,' the panel may decide the merits of the claim.") (quoting *Thornburgh v. Am. College of Obstetricians & Gynecologists*, 476 U.S. 747, 756-57 (1986)); *Brown v. City of Pittsburgh*, 586 F.3d 263, 288 (3d Cir. 2009) (adding that "a decision on the merits" at the preliminary injunction stage is appropriate where the issue of an ordinance's "facial validity" has been briefed and argued)

[2] Although this discussion is sufficient to dispose of this challenge to New Jersey's LCM law, there is another reason this motion for summary action should be granted: the "law of the case" doctrine. Under this doctrine, "once an issue is decided, it will not be re-litigated in the same case, except in unusual circumstances." *Hayman Cash Register Co. v. Sarokin*, 669 F.2d 162, 165 (3d Cir. 1982). "Law of the case" rules apply if, as here, a court rules on the underlying merits of the suit when addressing a preliminary injunction request. *See McTernan v. City of York*, 577 F.3d 521, 524 (3d Cir. 2009); *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 106 F. Supp. 3d 506, 519 n.11 (M.D. Pa. 2015). This doctrine also forecloses panel reconsideration of Appellants' arguments in this matter.

<u>Conclusion</u>

Summary action affirming the District Court's grant of summary judgment is warranted because this Court has already resolved the merits of this case.

Respectfully submitted,

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY

By:   <u>/s/ Jeremy Feigenbaum</u>
Jeremy Feigenbaum
Assistant Attorney General

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| Association of New Jersey Rifle & Pistol Clubs, Inc., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>Gurbir Grewal, *et al.*,<br><br>Defendants. | Civil Action No.<br>3:18-cv-10507 (PGS) (LHG)<br><br>**MEMORANDUM<br>AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on several motions: three motions for summary judgment filed by Defendants, (ECF Nos. 84, 85, 86); a cross-motion for summary judgment filed by Plaintiffs, (ECF No. 92); and a motion to stay proceedings in this action, filed by Plaintiffs, pending the outcome of a case, which is currently pending before the Supreme Court, (ECF No. 91). This action concerns the constitutionality of a New Jersey statute regulating the capacity of firearm magazines. More specifically, on June 13, 2018, New Jersey enacted a law which, with certain exceptions, makes it unlawful for any person in the state to possess any firearm magazines that are capable of holding more than ten rounds of ammunition. *See* L. 2018, c. 39 § 1.

**I.**

On the same day that New Jersey enacted that law, Plaintiffs filed the present lawsuit, seeking its invalidation and sought a preliminary injunction. The Court held a three-day hearing on August 13, 16, and 17, 2018, during which it heard the testimony of various expert witnesses.

Closing arguments were made on September 6, 2018. On September 28, 2018, the Court entered a Memorandum and Order wherein it denied Plaintiffs' motion to enjoin enforcement of the statute.

On December 5, 2018, over a dissent, the Third Circuit affirmed. *See Ass'n of N.J. Rifle and Pistol Clubs, Inc. v. Attorney General New Jersey*, 910 F.3d 106 (3d Cir. 2018). On January 9, 2019, the Third Circuit denied Plaintiffs' petition for rehearing en banc. *Ass'n of N.J. Rifle and Pistol Clubs, Inc. v. Attorney General New Jersey*, No. 18-3170 (3d Cir. Jan. 9, 2019).

## II.

As this case was proceeding, another, similar case was proceeding in a neighboring state. Specifically, a group of Plaintiffs brought an action in the Southern District of New York seeking:

> to partially invalidate 38 RCNY § 5-23, which limits transport of a handgun through the following provision: "To maintain proficiency in the use of the handgun, the licensee may transport her/his handgun(s) directly to and from an unauthorized small arms range/shooting club, unloaded, in a locked container, the ammunition to be carried separately."

*N.Y. State Rifle & Pistol Ass'n (NYSRPA) v. City of New York*, 86 F. Supp. 3d 249, 253 (S.D.N.Y. 2015). On February 5, 2015, the court entered summary judgment in favor of the City of New York.

On February 23, 2018, the Second Circuit affirmed the district court opinion. *NYSRPA v. City of New York*, 883 F.3d 45 (2d Cir. 2018). On January 22, 2019, the Supreme Court granted the plaintiffs' petition for a writ of certiorari. *NYSRPA v. City of New York*, 139 S. Ct. 939 (2019).

### LEGAL ANALYSIS

#### Stay

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). A court

considering a motion to stay proceedings "must weigh competing interests and maintain an even balance." *Id.* at 254-55. The party seeking a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay . . . will work damage to someone else." *Id.* at 255.

A multifactor balancing test applies to the determination:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party, (2) whether denial of the stay would create a clear case of hardship or inequity for the moving party; (3) whether a stay would simplify the issues and the trial of the case, and (4) whether discovery is complete and/or a trial date has been set.

*Akishev v. Kapustin*, 23 F. Supp. 3d 440, 446 (D.N.J. 2014) (citation omitted). Additional considerations also "arise depending upon the circumstances for which the movant requests a stay." *Id.* "Where a stay is sought pending resolution of purportedly related litigation, . . . courts consider whether resolution of the related litigation would substantially impact or otherwise render moot the present action." *Id.* Applying these factors, the Court finds as follows.

First, Defendants – the nonmoving parties will suffer prejudice by the issuance of a stay. Although the statute has already gone into effect, a stay would create uncertainty with regard to its constitutionality. The State would be prejudiced by enforcing a law the constitutionality of which remains in doubt. Therefore, the first factor weighs against issuing a stay.

Second, is it unclear how denying a stay would create a clear hardship or inequity for the moving party. If the Court were to rule against Plaintiffs, they would suffer no prejudice, as they have already had to comply with the requirements of the new law by divesting themselves of magazines that hold over ten rounds of ammunition. If the Court were to rule in favor of Plaintiffs, they would clearly suffer no prejudice. Therefore, the second factor weighs against issuing a stay.

Third, the legal issue before the Supreme Court is distinct from that before this Court. The

*NYSRPA* case involves a restriction on the right to carry a firearm in public. This case involves the

possession of large capacity magazines. Therefore, the Supreme Court's decision in *NYSRPA* is

unlikely to simplify the legal issues presented in this case. The third factor weighs against issuing

a stay.[1]

Fourth, the Court has already heard testimony in a motion for a preliminary injunction, and

the Third Circuit has resolved an appeal of that ruling. Also, discovery appears to be complete, as

both parties have moved for summary judgment. Therefore, the fourth factor also weighs against

issuing a stay.

In determining whether to issue a stay, the Court finds that all four factors weigh against

doing so. Therefore, a stay is not warranted pending the outcome of the Supreme Court's decision

in *NYSRPA*.

Summary Judgment

Summary judgment is appropriate under Fed. R. Civ. P. 56(c) when the moving party

demonstrates that there is no genuine issue of material fact and the evidence establishes the

moving party's entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S.

317, 322-23 (1986). A factual dispute is genuine if a reasonable jury could return a verdict for

the non-movant, and it is material if, under the substantive law, it would affect the outcome of

the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In considering a motion for

summary judgment, a district court may not make credibility determinations or engage in any

weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all

---

[1] This analysis also shows that the resolution of *NYSRPA* by the Supreme Court would neither render moot nor substantially impact the present action; another consideration noted in *Ashkev*, 23 F. Supp. 3d at 446.

4

justifiable inferences are to be drawn in his favor." *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

Once the moving party has satisfied its initial burden, the party opposing the motion must establish that a genuine issue as to a material fact exists. *Jersey Cent. Power & Light Co. v. Lacey Twp.*, 772 F.2d 1103, 1109 (3d Cir. 1985). The party opposing the motion for summary judgment cannot rest on mere allegations and instead must present actual evidence that creates a genuine issue as to a material fact for trial. *Anderson*, 477 U.S. at 248; *Siegel Transfer, Inc. v. Carrier Express, Inc.*, 54 F.3d 1125, 1130-31 (3d Cir. 1995). "[U]nsupported allegations ... and pleadings are insufficient to repel summary judgment." *Schoch v. First Fidelity Bancorp.*, 912 F.2d 654, 657 (3d Cir. 1990); *see also* Fed. R. Civ. P. 56(e) (requiring nonmoving party to set forth specific facts showing that there is a genuine issue for trial"). Moreover, only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson*, 477 U.S. at 247-48. If a court determines, after drawing all inferences in favor of [the non-moving party] and making all credibility determinations in his favor "that no reasonable jury could find for him, summary judgment is appropriate." *Alevras v. Tacopina*, 226 Fed. App'x 222, 227 (3d Cir. 2007).

The Court recognizes that a different standard applies here – at the summary judgment stage – than applied on the petition for preliminary injunction. However, the Third Circuit has issued a precedential decision that resolves all legal issues in this case and there remains no genuine disputes of material fact. More specifically, the Third Circuit explicitly held that the New Jersey law "does not" violate "the Second Amendment, the Fifth Amendment's Takings Clause, and the Fourteenth Amendment's Equal Protection Clause." Therefore, because it is binding Third Circuit

5

precedent that the New Jersey law is constitutional, the Court shall grant Defendants' motions for summary judgment and deny Plaintiffs' cross-motion.

<u>**ORDER**</u>

For the reasons stated herein and for good cause shown,

**IT IS** on this 24 day of July, 2019

**ORDERED** that the motion for summary judgment filed by Defendants Patrick Callahan and Gurbir Grewal (ECF No. 84) is granted; and it is further

**ORDERED** that the motion for summary judgment filed by Defendant James O'Connor (ECF No. 85) is granted; and it is further

**ORDERED** that the motion for summary judgment filed by Defendant Thomas Williver (ECF No. 86) is granted;

**ORDERED** that Plaintiffs' cross-motion to stay (ECF No. 91) is denied; and it is further

**ORDERED** that Plaintiffs' cross-motion for summary judgment (ECF No. 92) is denied.

PETER G. SHERIDAN, U.S.D.J.

GURBIR S. GREWAL
ATTORNEY GENERAL OF NEW JERSEY
124 Halsey Street, 5th Floor
P.O. Box 45029
Newark, New Jersey 07101
Attorney for the Defendants-Appellees,
 Gurbir Grewal and Patrick J. Callahan

By:   Bryan Edward Lucas (108462015)
      Deputy Attorney General
      (973) 648-7811
      Bryan.Lucas@law.njoag.gov

**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC., BLAKE ELLMAN, and ALEXANDER DEMBOWSKI, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> GURBIR GREWAL, in his official capacity as Attorney General of New Jersey, PATRICK J. CALLAHAN, in his official capacity as Superintendent of the New Jersey Division of State Police, THOMAS WILLIVER, in his official capacity as Chief of Police of the Chester Police Department, and JAMES B. O'CONNOR, in his official capacity as Chief of Police of the Lyndhurst Police Department, <br><br> Defendants-Appellees. | Case No. 19-3142 <br><br> On Appeal from the United States District Court for the District of New Jersey, Trenton Vicinage, Docket No. 3:18-cv-10507-PGS-LHG <br><br> **CERTIFICATE OF SERVICE** |

I hereby certify that on October 22, 2019, I electronically filed the within Motion for Summary Action and Stay of Briefing Schedule pursuant to L.A.R. 27.4, and this Certificate of Service, with the Clerk of the United States Court of Appeals for the Third Circuit, and that opposing counsel will receive a copy of these documents via CM/ECF.  I declare under penalty of perjury that the foregoing is true and correct.

> GURBIR S. GREWAL
> ATTORNEY GENERAL OF NEW JERSEY
>
> By:    /s/ Bryan Edward Lucas
> Bryan Edward Lucas
> Deputy Attorney General

Dated: October 22, 2019