No. 19-3142

In the
## United States Court of Appeals
## for the Third Circuit

◆

**ASSOCIATION OF NEW JERSEY RIFLE & PISTOL CLUBS, INC.;
BLAKE ELLMAN; ALEXANDER DEMBOWSKI,**

*Plaintiffs-Appellants*,

**v.**

**ATTORNEY GENERAL NEW JERSEY; SUPERINTENDENT NEW
JERSEY STATE POLICE; THOMAS WILLIVER, in his official capacity as
Chief of Police of the Chester Police Department; JAMES B. O'CONNOR, in
his official capacity as Chief of Police of the Lyndhurst Police Department,**

*Defendants-Appellees.*

◆

On Appeal from the United States District Court
for the District of New Jersey
Case No. 3:18-cv-10507
The Honorable Peter G. Sheridan

◆

**MOTION FOR STAY PENDING THE SUPREME COURT'S DECISION IN *N.Y. STATE
RIFLE & PISTOL ASSOCIATION, INC. v. CITY OF N.Y.***

◆

Daniel L. Schmutter
HARTMAN & WINNICKI, P.C.
74 Passaic Street
Ridgewood, N.J. 07450
Telephone: (201) 967-8040
dschmutter@hartmanwinnicki.com

John Parker Sweeney
James W. Porter, III
Marc A. Nardone
Candice L. Rucker
BRADLEY ARANT BOULT CUMMINGS LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Telephone: (202) 719-8216
jsweeney@bradley.com

Plaintiffs-Appellants ("Plaintiffs") Association of New Jersey Rifle & Pistol Clubs, Inc., Blake Ellman, and Alexander Dembowski respectfully request that the Court stay these proceedings pending the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. City of New York*, No. 18-280 (Jan. 22, 2019) ("*NYSRPA*"). *NYSRPA* will likely clarify the scope and application of the Second Amendment, and that instruction will affect—and may even resolve—the Court's analysis of this case. *NYSRPA* is likely to address the issue of what constitutional tests are appropriate for resolving a Second Amendment challenge. This issue is central to the resolution of this case. As explained more fully below, the Supreme Court's decision will affect this Court's analysis of this case, because the critical question of the proper test to be applied has been highly contested in this matter. Accordingly, this court should stay this case until *NYSRPA* is resolved.

Two other circuit courts have stayed cases pending the Supreme Court's decision in *NYSRPA*. *E.g.*, *New York State Rifle & Pistol Ass'n, et al. v. Beach, et al.*, No. 19-156 (2d Cir. Aug. 28, 2019) (*sua sponte* adjourning oral argument until the Supreme Court renders its decision in *NYSRPA*); *Young v. State of Hawaii*, No. 12-17808 (9th Cir. Feb. 14, 2019) (staying the case pending the Supreme Court's decision in *NYSRPA*). This Court should adopt that commonsense approach.

**BACKGROUND**

In June 2018, the Governor of New Jersey signed into law Act A2761, "which makes it unlawful for any person in New Jersey, with certain exceptions, to possess any firearm magazines that are capable of holding more than ten rounds of ammunition." *Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Grewal*, No. 3:17-cv-10507, 2018 WL 4688345, at *1 (D.N.J. Sept. 28, 2018). Plaintiffs immediately sued several state officials, contending that New Jersey's magazine ban violated the Second, Fifth, and Fourteenth Amendments to the United States Constitution. *Id*. at *2. Shortly thereafter, Plaintiffs moved for a preliminary injunction, which the district court denied. *Id*. at *16. This Court subsequently affirmed the judgment of the district court, *Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen.*, 910 F.3d 106, 126 (3d Cir. 2018), and denied rehearing en banc.

Earlier this year, the Supreme Court granted certiorari in *NYSRPA* to determine the constitutionality of a New York City firearms regulation. Specifically, the Supreme Court will resolve whether New York City's ban on transporting licensed, locked, and unloaded handguns to a home or shooting range outside the city limits is consistent with the Second Amendment, the Commerce Clause, and the constitutional right to travel. *See* N.Y. Penal Law § 265.00, *et seq.* Although Plaintiffs notified the district court of the fact that the Supreme Court had granted certiorari to resolve a Second Amendment claim, the district court refused to stay

these proceedings and granted summary judgment in favor of Defendants-Appellees ("Defendants") based on this Court's earlier decision on the preliminary injunction. (Doc. 101).

Plaintiffs timely noticed this appeal, and the Court set Plaintiffs' opening brief for filing on or before November 20, 2019. Defendants moved for summary action on October 22, 2019, requesting the Court summarily affirm the judgment of the district court and requesting a stay of the briefing schedule. Defendants argued that this Court has already resolved Plaintiffs' challenges to New Jersey's magazine ban in the earlier appeal. *See Ass'n of N.J. Rifle & Pistol Clubs*, 910 F.3d at 126. Plaintiffs are filing this motion for stay contemporaneously with their opposition to Defendants' motion for summary adjudication.

## ARGUMENT

The Court should extend its current stay in briefing by staying all proceedings pending the Supreme Court's decision in *NYSRPA* because that case will likely address the issue of the proper constitutional test to be applied in Second Amendment challenge and that decision will be binding on this Court. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket." *Commonwealth Ins. Co. v. Underwriters, Inc.*, 846 F.2d 196, 199 (3d Cir. 1988) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). This Court has already explained that a stay is appropriate in

circumstances like these. *E.g.*, *Secs. & Exch. Comm'n v. Desai*, 672 F. App'x 201, 205 (3d Cir. 2016) ("The District Court did not abuse its discretion in staying the civil proceedings, given the substantial overlap between the subject matter of the two proceedings."); *Cheyney State Coll. Faculty v. Hufstedler*, 703 F.2d 732, 733 (3d Cir. 1983) ("[W]e hold that the district court did not clearly abuse its discretion in delaying the suit pending the potential resolution of some important issues in ongoing administrative proceedings."); *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976) (affirming the district court's stay "because of the discretionary power inherent in a trial court to stay an action before it" and because a pending arbitration may have eliminated one of the claims at issue). It is well-settled that a stay is appropriate where the Supreme Court's forthcoming decision may affect the analysis in a case (and perhaps even resolve it). *E.g.*, *In re Michaels Stores, Inc.*, MDL No. 2615, 2016 WL 947150, at *4 (D.N.J. Mar. 14, 2016) (staying the case pending a Supreme Court decision that was "likely to fundamentally affect the issues in [the] case"); *Takacs v. Middlesex Cty.*, No. 08-694, 2011 WL 1375682, at *3 (D.N.J. Apr. 12, 2011) (same).

I.    **The Supreme Court's decision in *NYSRPA* will likely clarify the scope and application of the Second Amendment, which has confused the lower courts for nearly a decade.**

*NYSRPA* will likely change the landscape of Second Amendment jurisprudence by resolving the considerable difficulty that lower courts have had in

understanding and applying the Supreme Court's instruction. In 2008, the Supreme Court recognized the Second Amendment right to keep and bear arms as an individual right. *District of Columbia v. Heller*, 554 U.S. 570, 624 (2008). After analyzing the Second Amendment's text, history, and tradition, the Court held that the government may not ban arms that are "typically possessed for lawful purposes like self-defense," *id.*, nor deprive law-abiding, responsible citizens of the use of firearms for the "core lawful purpose of self-defense," *id.* at 630. *Heller* also rejected interest balancing as a method to resolve Second Amendment challenges. *Id.* at 634. Two years later, the Court confirmed *Heller*'s analysis and applied the Second Amendment right to the states through the Fourteenth Amendment Due Process Clause. *McDonald v. City of Chicago*, 561 U.S. 742, 791 (2010). And, in 2016, the Court again affirmed *Heller*'s analysis and holding and rejected any form of interest balancing as the appropriate analytical framework. *Caetano v. Massachusetts*, 136 S. Ct. 1027, 1027 (2016).

Aside from *Heller*, *McDonald*, and *Caetano*, the Supreme Court has remained largely silent about the proper analysis to be applied in Second Amendment cases. That silence has created a mass of confusion among the lower courts. Several, including this Court, have adopted some form of the two-part approach to analyze firearms bans. *E.g.*, *Ass'n of N.J. Rifle & Pistol Clubs*, 910 F.3d at 116; *Duncan v. Becerra*, 742 F. App'x 218 (9th Cir. 2018); *N.Y. State Rifle & Pistol Ass'n v. Cuomo*,

804 F.3d 242 (2d Cir. 2015); *Fyock v. City of Sunnyvale*, 779 F.3d 991 (9th Cir. 2015); *Heller v. District of Columbia ("Heller II")*, 670 F.3d 1244 (D.C. Cir. 2011). But lower courts cannot agree on how either part of the two-part approach should be applied, creating a wide array of differing opinions.

The petitioners in *NYSRPA* have asked the Court to resolve issues that bear directly on this case. For example, the petitioners established that lower federal courts have "dilute[ed] heightened scrutiny in the Second Amendment context beyond all recognition." (*New York State Rifle & Pistol Ass'n v. City of New York*, No. 18-280, 2018 WL 4275878, at *21-22 (Sept. 4, 2018) ("*NYSRPA* Cert. Pet.")). These arguments are identical to those made in this case. (*See Ass'n of N.J. Rifle & Pistol Clubs v. Att'y Gen.*, No. 18-3170, Reh'g Pet. at *1–2, 6–9 (3d Cir. Dec. 19, 2018)). Furthermore, a decision in *NYSRPA* should resolve whether *Heller* and *McDonald* forbid the use of heightened scrutiny in favor of an analysis based on the Second Amendment's text, history, and tradition. *See Heller II*, 670 F3d at 1271–85 (Kavanaugh, J., dissenting); *Duncan*, 366 F. Supp. 3d at 1142. Plaintiffs have urged this same principle (Reh'g Pet. at *13–16), and a decision by the Supreme Court is likely to determine the proper standard of review in this case and may even be outcome determinative.

For example, adoption of the text, history, and tradition analysis may undermine Defendants' arguments entirely. Under the text, history, and tradition

analysis, the government cannot ban arms that are "typically possessed by law-abiding citizens for lawful purposes." *Heller*, 554 U.S. at 625. New Jersey has done precisely that by banning standard-capacity magazines that are typically possessed for many lawful purposes, including self-defense. (*See Ass'n of N.J. Rifle & Pistol Clubs*, No. 18-3170, Blue Br. at *14–26 (3d Cir. Oct. 5, 2018)). Defendants would fare no better if the Supreme Court adopted traditional heightened scrutiny, as that concept is formulated in opinions not involving the Second Amendment. Even intermediate scrutiny requires that laws burdening fundamental rights be "narrowly tailored to serve a significant governmental interest." *McCullen v. Coakley*, 573 U.S. 464, 485–86 (2014). An absolute ban on the possession of bearable arms (including magazines) could never satisfy this standard because a ban is not tailored at all—much less "narrowly tailored." *See id*.

A stay of these proceedings would not prejudice Defendants because this Court has already affirmed the district court's denial of Plaintiffs' requested preliminary injunction. Act A2761 will continue to operate throughout the period of a stay, allowing New Jersey to enforce its magazine ban while the stay is in effect. However, the denial of a stay—and the premature adjudication of this case—would significantly prejudice Plaintiffs by allowing the Court to disregard the relevant, binding precedent that *NYSRPA* will likely to deliver. Awaiting the Supreme Court's

impeding guidance protects the interests of the parties and conserves judicial resources.

## CONCLUSION

For the foregoing reasons, this Court should stay these proceedings pending the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. City of New York.*

Dated: November 8, 2019

Respectfully submitted,
*/s/ John Parker Sweeney*
John Parker Sweeney
*Attorney for Plaintiffs-Appellants*

John Parker Sweeney
James W. Porter, III
Marc A. Nardone
Candice L. Rucker
Bradley Arant Boult Cummings LLP
1615 L Street N.W., Suite 1350
Washington, D.C. 20036
Telephone: (202) 393-7150
jsweeney@bradley.com

Daniel L. Schmutter
Hartman & Winnicki, P.C.
74 Passaic Street
Ridgewood, N.J. 07450
Telephone: (201) 967-8040
dschmutter@hartmanwinnicki.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 8, 2019, I filed the foregoing with the Clerk of the Court via CM/ECF, which will serve the following counsel of record:

Jeremy Feigenbaum
Stuart M. Feinblatt
Office of Attorney General of New Jersey
25 Market Street
Richard J. Hughes Justice Complex
Trenton, NJ 08625
jeremy.feigenbaum@law.njoag.gov
stuart.feinblatt@law.njoag.gov

Bryan E. Lucas
Evan A. Showell
Office of Attorney General of Jew Jersey
124 Halsey Street
P.O. Box 45029
Newark, NJ 07102
bryan.lucas@law.njoag.gov
evan.showell@law.njoag.gov

George C. Jones
John H. Suminski
McElroy Deutsch Mulvaney
   & Carpenter
1300 Mount Kimble Ave.
P.O. Box 2075
Morristown, NJ 07962
gjones@mdmc-law.com
jsuminski@mdmc-law.com

Carmine Richard Alampi
Jennifer Alampi
Alampi & Demarrais
One University Plaza
Suite 404
Hackensack, NJ 07601
calampi@alampi-law.com
jalampi@alampi-law.com

Respectfully submitted,

*/s/ John Parker Sweeney*
John Parker Sweeney
*Attorney for Plaintiffs-Appellants*